No. 595

KAHLER et v. COWDEN

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6033. Decided Jan. 18, 1926

683. JURY—Cannot make disposition of testatrix's property irrespective of her intention and wishes.

1271. WILLS—Doctors may not testify that in their opinion the testatrix was not competent to make a will, this being the fact to be determined by the jury.

VICKERY, J.

Mary Cowden brought an action in the Cuyahoga Common Pleas to contest a will of her mother. George Kahler et al sought to have the will sustained. Kohler was the husband of the sister of the testatrix.

The decedent was or had been living in a state of adultery with the step brother of Kahler. Difficulties arose between them and the decedent was killed by the step brother of Kahler who also was killed and in the fight that took place Mrs. George Kahler was fatally wounded and thereafter died.

The decedent, the mother of Mary Cowden, lived several days after the altercation and after making a statement Kahler was convicted and sentenced to life in the penitentiary.

After making this statement, the testatrix had her real estate agent attend to a will in which she desired to leave everything to her sister, Mrs. Kahler, and in the event of her death to George Kahler. When the testatrix's attention was called to her daughter who lived with a grandmother from infancy, she stated that the daughter was provided for by a life insurance, which was true. The testatrix stated that because of her conduct she had brought trouble and disgrace upon her sister Mrs. Kahler and desired to remedy the evil as much as possible and proposed to leave her the property.

The jury in the lower court set the will aside and error was prosecuted, and it was claimed that there was no evidence to show want of capacity or undue influence and that there was error in admission of testimony. The Court of Appeals held:

1. There does not seem to be any reason why the testatrix was not competent to make a will. She understood the nature of her property and the purpose was to right a wrong as far as she could.

2. Doctors were permitted to testify that in their opinion the testatrix was not competent to make a will which was the very ultimate fact to be found by the jury; and the form of the question and answer was erroneous.

3. A letter written in 1915 in which the testatrix spoke very highly of her daughter was admitted into evidence; and was read for the purpose of showing friendly relations between the mother and daughter.

4. This letter was in no way germane to the issue for the mother had stated at least twice that she had provided for her daughter by making her beneficiary in a life insurance policy; and that the reason for making the will was to atone for disgrace brought upon the Kahlers.

5. The jury evidently thought they were called upon to make disposition of the testatrix's property irrespective of her own wishes in regard to it.

Judgment affirmed.

Attorneys—Tolles, Hogsett, Ginn & Morley for Kahler et al; Kees, Marvin & Godfrie for Cowden; all of Cleveland.